Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Tel: 818-205-2466
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Ramat B. Momoh

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMAT B. MOMOH,<br><br>        Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ramat B. Momoh (Plaintiff), through his attorneys, alleges the following against Defendant, Wells Fargo Bank, N.A. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

4. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Brentwood, Contra Costa County, California.

7. Plaintiff is a consumer as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with its headquarters located in San Francisco, CA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. On January 6, 2014 Plaintiff filed for Chapter 13 bankruptcy in the Northern District of California. The case number assigned to Plaintiff was 14-40056. The case was confirmed on October 31, 2014.

13. On or about March 2015, Defendant began placing calls to Plaintiff's cellular phone number 925-323-4234 in an attempt to collect an alleged debt.

14. A number of the incoming calls came from 877-270-3616, 800-282-3451, 800-869-3557, 800-742-4932, and 877-294-6933; upon information and belief these number are owned or operated by Defendant.

15. Plaintiff answered multiple phone calls and informed Wells Fargo that she filed for bankruptcy, and referred Defendant to her bankruptcy attorney.

16. After Plaintiff answered the collection call, there was a brief pause before the collector began to speak indicating the use of an automated telephone dialing system.

17. Plaintiff instructed Defendant not to contact her any further.

18. Defendant called Plaintiff on March 25, 2015 at 3:38 pm, 3:59 pm, 4:06 pm and 11:12 pm.

19. Defendant called Plaintiff on April 7, 2015 at 9:14 am and 9:21 am from phone number 877-270-3616.

20. A number of calls were made to Plaintiff while she was at her place of employment during the evening shift. She was unable to turn off her phone because she needed to have immediate access to her sick daughter.

21. Defendant continued collection activity by sending dunning letters and account statements to Plaintiff. These notices See Exhibit A.

22. On April 9, 2015, a notice was placed on Plaintiff's front door in plain sight by Defendant in an unsealed and unmarked envelope. This notice was found by Defendants daughter.  See Exhibit B for copy of notice.

23. On May 7, 2015 a second notice was placed on Plaintiff's front door in plain sight by Defendant in an unsealed and unmarked envelope. See Exhibit C for copy of notice.

24. Defendant's collection activities have caused Plaintiff extreme emotional distress and mental anguish.

25. Plaintiff installed a camera doorbell at her home as a result of the Defendant's notices in fear of Defendant approaching her home again.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at

Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

29. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions

of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

 (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

 (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

 (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

 (iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff, Francisco J. Torres, respectfully requests judgment be entered against Defendant, Wells Fargo Bank, N.A.., for the following:

 A. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

1  B. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

2  C. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair

3  Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

4  D. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: October 13, 2015         By: */s/ Stuart Price*
                                    Stuart Price, Esq.
                                    15760 Ventura Boulevard,
                                    Suite 1100
                                    Encino, CA 91436
                                    Tel: 818-907-2030
                                    Stuart@pricelawgroup.com
                                    Attorney for Plaintiff,
                                    Ramat B. Momoh