UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMAT B MOMOH,<br><br>   Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK NA,<br><br>   Defendant. | Case No. 15-cv-04729-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 15 |

Before the Court is Defendant Wells Fargo Bank, N.A's ("Defendant") motion to dismiss the complaint, Dkt. No. 1 ("Compl."), filed by Plaintiff Ramat B. Momoh ("Plaintiff"). Dkt. No. 15 ("Mot."). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff's ongoing bankruptcy proceeding precludes her claims. Plaintiff has filed an opposition, Dkt. No. 20 ("Opp."), and Defendant has replied, Dkt. No. 22 ("Reply").

For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss.

## I.   BACKGROUND

### A.   Factual Allegations

On January 6, 2014, Plaintiff filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. Compl. ¶ 12. The case was confirmed on October 31, 2014. *Id.*

In or around March 2015, Defendant began calling Plaintiff's cell phone to attempt to collect a purported debt. *Id.* ¶¶ 13-14. Plaintiff told the caller that she had filed for bankruptcy and told Defendant to contact her bankruptcy attorney. *Id.* ¶ 15. She suspects that the calls were made using an automated telephone dialing system because she heard a short pause before the caller began speaking. *Id.* ¶ 16. Even though Plaintiff instructed Defendant to not contact her any further, Defendant called her several more times. *Id.* ¶¶ 19-20. Defendant also sent collection

letters and account statements to Plaintiff. *Id.* ¶ 21 & Ex. A. On April 9, 2015 and again on May 7, 2015, a notice was placed on the front door of Plaintiff's residence asking her to contact Defendant. *Id.* ¶¶ 22-23 & Exs. B & C. Defendants' conduct has caused Plaintiff extreme emotional distress and mental anguish. *Id.* ¶ 24.

### B. Procedural History

On October 13, 2015, Plaintiff filed the instant lawsuit against Defendant. She asserts that Defendant's debt collection activities violated the Telephone Consumer Protection Act, 27 U.S.C. § 227, *et seq.* ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act"). Compl. ¶¶ 26-31.

Defendant now moves to dismiss. Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted for three independent reasons. First, Defendant argues that Plaintiff is judicially estopped from raising any claims that were not mentioned in her bankruptcy plan or raised in the bankruptcy court before Defendant filed its motion to dismiss. Mot. at 4-9; Reply at 2-5. Second, Defendant posits that during the pendency of her bankruptcy, Plaintiff does not have standing to pursue individual claims, but can only pursue claims for the benefit of her bankruptcy estate, on whose behalf she does not sue. *Id.* at 9-11. And third, Defendant argues that Plaintiff's claims are preempted by the Bankruptcy Code. *Id.* at 11-12.

## II. REQUEST FOR JUDICIAL NOTICE

Before turning to the substance of the motion, the Court addresses Defendant's request for judicial notice. Dkt. No. 16 ("RJN"). The materials of which Defendant seeks notice include: (1) the docket for Plaintiff's bankruptcy case; (2) Defendant's proof of claim on Plaintiff's debt; (3) Plaintiff's Chapter 13 bankruptcy plan; and (4) the bankruptcy court's confirmation order. *Id.* at 1.

The doctrine of judicial notice permits district courts to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The existence of proceedings in other courts, including orders, is the proper subject of judicial notice when those materials are directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted). But it

is inappropriate to take judicial notice of facts contained in other filings and orders from other proceedings for the truth of the matters they assert. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1117, n.14 (9th Cir. 2005) (declining to take judicial notice of factual findings made in another proceeding "because [defendants were] offering the factual findings contained in the order for the purpose of proving the truth of the factual findings contained therein").

The Court takes judicial notice of the materials from Plaintiff's bankruptcy proceeding to the extent that they are offered to explain the procedural posture of this action. *See Tigueros*, 658 F.3d at 987. But the Court declines to take judicial notice to the extent that Defendant offers these materials for the truth of the matters they assert therein. *See Lasar*, 399 F.3d at 1117, n.4.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts do not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## IV. DISCUSSION

Turning to the substance of Defendant's motion, the Court considers: (1) whether Plaintiff should be judicially estopped from asserting her claims because she did not raise them in her

3

bankruptcy proceedings until after Defendant moved to dismiss this case; (2) whether Plaintiff has standing to assert her claims not on behalf of her estate; and (3) whether the Bankruptcy Code preempts Plaintiff's claims.  For the reasons set forth below, the Court rejects each of Defendant's arguments.

### A.     Judicial Estoppel

Defendant contends that the equitable doctrine of judicial estoppel should bar Plaintiff's complaint because she did not disclose the claims she asserts in this action to the bankruptcy court until after Defendant moved to dismiss this case.  Defendant argues that this conduct violated Plaintiff's continuing obligation to report her assets and is inconsistent with Plaintiff's position in this litigation that she has claims against Defendant.  Plaintiff responds that judicial estoppel does not apply because her claims accrued only after confirmation of her Chapter 13 bankruptcy plan.  In addition, Plaintiff points out that she has now amended her asset schedule in the bankruptcy proceedings to include her claims in this suit in an abundance of caution.  Opp. at 7-8 & Ex. A.

The equitable doctrine of judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  Invocation of the doctrine lies within a court's discretion and is generally informed by the following facts: (1) whether a party's current litigation position is "clearly inconsistent" with an earlier position it has taken; (2) whether a court accepted and relied upon the party's earlier position; and (3) whether the party seeking to now assert the inconsistent position would derive an unfair advantage if not estopped from doing so. *Id.* at 750-51.  And because judicial estoppel is an equitable doctrine, courts in the Ninth Circuit generally also consider whether the party to be estopped acted inadvertently or with any degree of intent. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013); *accord Hamilton*, 270 F.3d at 784 (holding that a debtor-plaintiff is precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings that resulted in a discharge of debt); *Hay*

4

*v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (same). "The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim does exist." *Ah Quin*, 733 F.3d at 271. In those situations, courts generally "apply a presumption of deliberate manipulation" and need not inquire into whether a plaintiff's bankruptcy omission was inadvertent or mistaken. *Id.* at 273.

Based on the facts subject to judicial notice and Plaintiff's allegations, which are accepted as true at this stage, the Court must answer two questions to resolve Defendant's judicial estoppel claim: (1) is Plaintiff estopped from pursuing its claims in this case because she did not initially include them in her schedules before the October 2014 confirmation of her bankruptcy plan; and (2) even if not, should Plaintiff's failure to amend her bankruptcy schedule to include these claims until December 2015, after the filing of Defendant's motion to dismiss, result in estoppel?

The Court has little trouble concluding that the fact that Plaintiff did not disclose these claims before the October 2014 plan confirmation does not support application of judicial estoppel. The reason is simple: no facts, alleged or otherwise judicially noticeable, suggest that Plaintiff knew about these potential claims before the bankruptcy court confirmed her plan. To the contrary, taking Plaintiff's allegations as true, it would have been impossible for Plaintiff to know about her claims at that time. The bankruptcy court entered its final repayment plan for Plaintiff on October 31, 2014. *See* RJN, Ex. A. Defendant's actions that gave rise to Plaintiff's TCPA and Rosenthal Act claims allegedly occurred between March and May 2015. Compl. ¶¶ 13-23. Given that the bankruptcy court confirmed Plaintiff's final repayment plan at least four months before Defendant allegedly began to try to collect on her earlier debt, nothing about the absence of these claims from the pre-plan disclosure process in any way suggests deceitful omission on Plaintiff's part.

The closer, and more nuanced, question is whether Plaintiff's failure to amend her asset schedule in the bankruptcy court until December 9, 2015, just over two weeks after Defendants moved to dismiss this case, supports any different result. Defendant argues that Plaintiff's failure to disclose the claims at issue in this suit between March 2015 and December 2015 violated her continuing obligation to disclose under 11 U.S.C. § 521(a)(1), and amounted to taking an inconsistent position even though these claims arose after the confirmation of her plan. Mot. at 8-

9.

Bankruptcy Rule 1007 provides that in a Chapter 13 bankruptcy case, a debtor has a duty to file a schedule with the bankruptcy court that lists her assets and liabilities at the time she files her initial petition. Fed. R. Bankr. P. 1007(a)(1), (b)(1); *see also* 11 U.S.C. § 521(a)(1) (debtor's duties including filing an asset schedule). But a Chapter 13 debtor also has a continuing duty to amend her schedule until the bankruptcy court discharges her debt upon satisfactory completion of the confirmed repayment plan. Fed. R. Bankr. P. 1007(h) (a debtor's duty to amend her schedules continues until a discharge order is entered); 11 U.S.C. § 1328(a) (a discharge order issues after a confirmed plan is completed); *see also Hamilton*, 270 F.3d at 785 ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."); *Donato v. Metropolitan Life Ins. Co.*, 230 B.R. 418, 421 (N.D. Cal. 1999) (a Chapter 13 debtor who learns of facts giving rise to a civil action after filing of bankruptcy petition and schedules "must amend those schedules when he or she becomes aware of the existence of the action because it is an asset of the bankruptcy estate").

Plaintiff does not appear to have amended her asset schedule in a timely manner. *See* Fed. R. Bankr. P. 1007(h) (a debtor has a duty to amend schedule within 14 days or within such further time as allowed by the bankruptcy court); RJN, Ex. A. But the bankruptcy court has not taken any formal action since Plaintiff's plan was confirmed in October 2014, and thus never acted in reliance upon Plaintiff's omission of these claims. *See In re Momoh*, Case No. 14-br-40056 (Bankr. N.D. Cal.) (Dkt. Nos. 71-77). Without reliance and acceptance by the court in the other proceeding, judicial estoppel is not appropriate. *See New Hampshire*, 532 U.S. at 750-51. In addition, Plaintiff has amended her asset schedule to include these claims. *See* Opp., Ex. A. Because the bankruptcy court is now aware of Plaintiffs' contingent asset in her instant claims, it is impossible for her to derive any unfair advantage from her previous omission. *See Ah Quin*, 733 F.3d at 272-75.

Accordingly, the Court finds that judicial estoppel is not warranted on these facts.

**B. Standing**

Defendant next contends that Plaintiff has no standing to assert her claims in her name as opposed to her bankruptcy estate. Mot. at 9-11. The Court disagrees.

6

Although the Supreme Court and the Ninth Circuit have not addressed the issue of whether a Chapter 13 bankruptcy debtor is required to sue in the name of her estate during the pendency of a bankruptcy proceeding, at least one court in this district has. In *Donato v. Metropolitan Life Insurance Company*, the court followed the Second and Third Circuits to hold that a Chapter 13 plaintiff "has concurrent standing with the Chapter 13 trustee to litigate her prepetition causes of action[.]" 230 B.R. at 425. While the claims now at issue arose post-petition, "Chapter 13 debtors have standing to pursue claims against others *when those claims belong to the bankruptcy estate* because the reality of a filing under Chapter 13 is that debtors are the true representatives of the estate and should be given the broad latitude essential to control the progress of their case." *Id.* at 425 (emphasis added) (quoting *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2nd Cir. 1998)); *accord Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1991). By that logic, it does not matter whether the claims arose pre- or post-petition because claims held by the Chapter 13 bankruptcy estate may always be prosecuted by the plaintiff in her own name. The Court thus agrees with the reasoning of *Donato* and finds that Plaintiff has concurrent standing to litigate the claims at issue in this case.

Defendant's citation to *Edwards v. Wells Fargo Bank, N.A.*, No. CV 13-201, 2013 WL 3467215, at *9 (C.D. Cal. Jul. 9, 2013), does not change the analysis. In that case, the court held that a Chapter 13 debtor may assert non-bankruptcy claims on behalf of the bankruptcy estate during the pendency of the bankruptcy proceeding. *Id.* But *Edwards* does not hold that a Chapter 13 debtor is *required* to file her claims on behalf of the bankruptcy estate during the pendency of bankruptcy proceedings, s*ee id.* In contrast, the Court finds the rationale of *Donato* to be directly on point, persuasive and conclusive here.

Accordingly, the Court denies Defendant's motion to dismiss for lack of standing.

**C.     Preemption**

Finally, Defendant contends that the Bankruptcy Code preempts Plaintiff's TCPA and Rosenthal Act claims under these circumstances. Mot. at 11-12. The Bankruptcy Code provides that the collection of pre-petition debt is automatically stayed once a debtor petitions for bankruptcy and remains in effect until a creditor successfully moves to lift that stay or the debt is

7

discharged. 11 U.S.C. § 362. Defendant contends that because Plaintiff is seeking damages for injuries suffered from Defendant's alleged efforts to collect a debt that was subject to an automatic bankruptcy stay, this action is tantamount to an attempt to enforce the stay. *Id.* And because the enforcement of an automatic bankruptcy stays is the exclusive province of bankruptcy courts, Defendant contends that the Bankruptcy Code therefore preempts Plaintiff's claims.

The Court first finds that the Bankruptcy Code does not preempt Plaintiff's TCPA claim. As an initial matter, a federal statute cannot preempt another federal statute because preemption is an issue of federalism. "When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). "Implied repeals are not favored by the courts and will only be found when the new statute is clearly repugnant, in words or purpose, to the old statute." *Nw. Forest Resource Council v. Pilchuck Audubon Soc'y*, 97 F.3d 1161, 1166 (9th Cir. 1996). The TCPA, in relevant part, proscribes calls to cell phones made using automatic telephone dialing systems. 47 U.S.C. § 227(b)(1)(A)(iii). The Court sees no "irreconcilable conflict" between this provision and the Bankruptcy Code.[1]

Similarly, the Court finds that the Bankruptcy Code does not preempt Plaintiff's state law Rosenthal Act claim. The Rosenthal Act provides in relevant part that "[n]o debt collector shall collect or attempt to collect a consumer debt by . . . [c]ausing a telephone to ring repeatedly or continuously to annoy the person called." Cal. Civ. Code § 1788.11(d). The Court finds that the enforcement of that provision would not interfere with a bankruptcy court's jurisdiction, at least under the facts alleged in this action, because a finding of liability would not determine whether the automatic bankruptcy stay was violated. This case is unlike *MSR Exploration LTD v. Meridian Oil, Inc.*, 74 F.2d 910 (9th Cir. 1996), the case relied upon by Defendant. There, the Ninth Circuit held that a malicious prosecution claim based on a creditor's bankruptcy claim would interfere with a bankruptcy court's ability to control the scope of its proceedings because it

---

[1] Defendant argues that *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark*, 1999 WL 284788, at *4 (N.D. Ill. Apr. 26 1999), held that the Bankruptcy Code impliedly repealed an FDCPA claim. But Plaintiff does not assert an FDCPA claim in this case, so *Baldwin* does not aid Defendant's cause.

would necessarily determine the validity of the creditor's claim and open bankruptcy decisions up to collateral attacks. *See MSR Exploration*, 74 F.3d at 915. The present case does not implicate these concerns.

Accordingly, the Court denies Defendant's motion to dismiss on preemption grounds.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss. The Court **SETS** an initial case management conference for July 12, 2016, at 2:00pm to discuss scheduling.

**IT IS SO ORDERED.**

Dated: 7/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

9